# STATUTE OF LIMITATIONS.

MILLER v. SMITH's Executors, 16 Wend. 425.

In S. Ct. 14 Wend. 190.

*Presumption of Payment of Judgment after Twenty Years.*

A CASE was agreed upon by the parties to this suit, in the Supreme Court; stating that the judgment on which an action of debt was brought in 1833, was rendered against the defendant Miller, in that court in August, 1805 ; that he had at all times been possessed of property within this state, and was at all times able to pay the said judgment. The defendant insists that it has been paid, and relies on the presumption arising from lapse of time as evidence of payment, until something be shown on the part of the plaintiff to repel the presumption. The plaintiff denies that the doctrine of presumption is applicable to a judgment.

The Supreme Court held, that at *common law, presumption of payment* does not attach to a judgment, although there be no evidence of partial payments or of acknowledgments of indebtedness within twenty years. They also held, that the presumption of payment which by statute of 1821, attaches to judgments after twenty years, introduced a new principle into the law of this state; that previously, such presumption applied only to *sealed instruments ;* that this case was not within the statute of 1821, as the presumption will not attach to judgments rendered anterior to that act, until twenty years from its passage. That the provision of the R. S. (2 R. S. 301, § 46,) is but a *revision* of that of 1821, and does not go behind it in its operation and was not intended to be retrospective. Judgment for plaintiff. The defendant brought error.

In the Court of Errors, the case was presented to the court as it stood upon the trial of the case, and some additional facts were contained in the bill of exceptions ; the

defendant having offered to prove that on the day of the docketing of the judgment, an execution issued thereon to the sheriff of the county of Onondaga, where he then resided; that the sheriff was dead, his family removed, and that the execution had not been returned by the sheriff, which evidence being objected to, the judge rejected, and the defendant's counsel excepted.

The Court of Errors held, that at common law, the presumption of payment, after a lapse of twenty years, applies as well to judgments as to bonds, mortgages, and other specialities.

In action of debt, on judgment brought after a great lapse of time subsequent to the entry of judgment, it was held that in support of a plea of *payment*, it is admissible to show that an execution was issued upon the judgment, shortly after its entry, that the defendant was at the time owner and possessor of property amply sufficient to pay the debt. That the plaintiff directed the officer to proceed without delay; that the officer has been dead for many years, and that the execution had not been returned to the proper office; *And further*, that such facts unexplained, and not rebutted by evidence on the part of the plaintiffs would warrant a jury to find in favor of the defendant, and because such evidence was *rejected*, a new trial was granted.

Judgment of Supreme Court *reversed* by vote of 22 to 2, and *venire de novo* awarded.

---

See opinions of Chancellor and of Senator Maison, and note of reporter, 16 Wend. 425, 426.